IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| THERESA S., | * |
| | * |
| Plaintiff, | * |
| | *  Civil No. TMD 18-2850 |
| v. | * |
| | * |
| | * |
| ANDREW M. SAUL, | * |
| Commissioner of Social Security, | * |
| | * |
| Defendant.[1] | * |
| ************ | |

## MEMORANDUM OPINION GRANTING PLAINTIFF'S
## ALTERNATIVE MOTION FOR REMAND

Plaintiff Theresa S. seeks judicial review under 42 U.S.C. § 405(g) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying her application for disability insurance benefits under Title II of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 14) and Defendant's Motion for Summary Judgment (ECF No. 17).[2] Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's decision that she is not disabled. No hearing is necessary. L.R. 105.6. For the reasons that follow, Plaintiff's alternative motion for remand (ECF No. 14) is **GRANTED**.

---

[1] On June 17, 2019, Andrew M. Saul became the Commissioner of Social Security. He is, therefore, substituted as Defendant in this matter. *See* 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

# I

## Background

On May 1, 2017, Administrative Law Judge ("ALJ") Bonnie Hannan held a hearing in Washington, D.C., where Plaintiff and a vocational expert ("VE") testified. R. at 37-90. The ALJ thereafter found on September 7, 2017, that Plaintiff was not disabled from her alleged onset date of disability of June 6, 2012, through December 31, 2015, the date last insured. R. at 14-36. In so finding, the ALJ found that, among other things, Plaintiff had moderate limitations in concentrating, persisting, or maintaining pace. R. at 22. "Based on the medical evidence, including the opinion of the State agency psychological consultants and the consultative examination reports, the undersigned finds 'moderate' impairment in her ability to maintain concentration, persistence and pace." R. at 22.

The ALJ then found that, through the date last insured, Plaintiff had the residual functional capacity ("RFC")

> to perform sedentary work as defined in 20 CFR 404.1567(a) except [Plaintiff] can lift ten pounds occasionally and less than ten pounds frequently; [Plaintiff] can carry ten pounds occasionally and less than ten pounds frequently. [Plaintiff] can sit for six hours, and stand for two hours, and walk for two hours. [Plaintiff] can push and/or pull as much as she can lift and/or carry. [Plaintiff] can occasionally reach overhead to the right. [Plaintiff] can climb ramps and stairs occasionally, never climb ladders, ropes, or scaffolds, balance occasionally, stoop occasionally, never kneel, crouch occasionally, and never crawl. [Plaintiff] can never work at unprotected heights, never near moving mechanical parts, in vibration occasionally, and in moderate noise. [Plaintiff] is limited to performing simple, routine, and repetitive tasks[;] limited to simple, work-related decisions; [and] limited to tolerating few changes in a routine work setting, defined as performing the same duties at the same station, day-to-day. [Plaintiff] needs a cane to ambulate for distances greater than one block. She requires the ability to change positions a maximum frequency of every thirty minutes.

R. at 23.[3]  In light of this RFC and the VE's testimony, the ALJ found that, although she could not perform through the date last insured her past relevant work as a human resources assistant/mortgage processor, insurance processor/mortgage clerk, and data entry, Plaintiff could perform other work, such as a quality-control worker, grading and sorting worker, or bench worker.  R. at 28-29.  According to the VE, however, an individual "off task" 20% of the time in an eight-hour workday in addition to normal breaks or absent from work two days per month could not perform any work.  R. at 78-79.  The ALJ ultimately found that Plaintiff was not disabled from June 6, 2012, through December 31, 2015, the date last insured.  R. at 30.

After the Appeals Council denied Plaintiff's request for review, Plaintiff filed on September 13, 2018, a complaint in this Court seeking review of the Commissioner's decision.  Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment.  The case then was reassigned to the undersigned.  The parties have briefed the issues, and the matter is now fully submitted.

## II

## Disability Determinations and Burden of Proof

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905.  A claimant has a disability when the claimant is "not only unable to do

---

[3] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. § 404.1567(a). "Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." *Id.*

3

his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-80 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1522(a), 416.920(c), 416.922(a).[4]

---

[4] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b), 416.922(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding

4

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

---

appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1522(b)(1)-(6), 416.922(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### III

### Substantial Evidence Standard

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion.

*See Hancock*, 667 F.3d at 472; *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

## IV

## **Discussion**

Plaintiff contends that the ALJ erroneously assessed her RFC contrary to Social Security Ruling[5] ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996). Pl.'s Mem. Supp. Mot. Summ. J. 3-17, ECF No. 14-1. Plaintiff maintains that the ALJ failed to perform properly a function-by-function assessment of her ability to perform the physical and mental demands of work. *Id.* at 5. Among her arguments in this regard is her assertion that, although the ALJ found that she had moderate limitations in concentrating, persisting, or maintaining pace (R. at 22), the ALJ failed to include any limitation on concentration or task persistence in the RFC assessment. *Id.* at 9-10. Plaintiff

---

[5] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted. 20 C.F.R. § 402.35(b)(1). Once published, these rulings are binding on all components of the Social Security Administration. *Heckler v. Edwards*, 465 U.S. 870, 873 n.3, 104 S. Ct. 1532, 1534 n.3 (1984); 20 C.F.R. § 402.35(b)(1). "While they do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law." *Pass*, 65 F.3d at 1204 n.3.

also argues that the ALJ erroneously evaluated her subjective complaints. *Id.* at 18-19. As discussed below, the Court remands this case for further proceedings because the ALJ's inadequate analysis in assessing Plaintiff's RFC frustrates meaningful review.

> SSR 96-8p explains how adjudicators should assess RFC and instructs that the RFC
>
> "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations. "Only after that may [residual functional capacity] be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." The Ruling further explains that the residual functional capacity "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."

*Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (alteration in original) (footnote omitted) (citations omitted). The Fourth Circuit has held, however, that a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis "is inappropriate given that remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'" *Id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)). Rather, remand may be appropriate "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (quoting *Cichocki*, 729 F.3d at 177). The court in *Mascio* concluded that remand was appropriate because it was "left to guess about how the ALJ arrived at his conclusions on [the claimant's] ability to perform relevant functions" because the ALJ had "said nothing about [the claimant's] ability to perform them for a full workday," despite conflicting evidence as to the claimant's RFC that the ALJ did not address. *Id.* at 637; *see Monroe v. Colvin*, 826 F.3d 176, 187-88 (4th Cir. 2016) (remanding because ALJ erred in not determining claimant's RFC using function-by-function analysis; ALJ

erroneously expressed claimant's RFC first and then concluded that limitations caused by claimant's impairments were consistent with that RFC).

The Fourth Circuit further held in *Mascio* that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" *Mascio*, 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). "[T]he ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* The court in *Mascio* remanded the case for the ALJ to explain why the claimant's moderate limitation in concentration, persistence, or pace at step three did not translate into a limitation in the claimant's RFC. *Id.* In other words, under *Mascio*, "once an ALJ has made a step three finding that a claimant suffers from moderate difficulties in concentration, persistence, or pace, the ALJ must either include a corresponding limitation in her RFC assessment, or explain why no such limitation is necessary." *McLaughlin v. Colvin*, 200 F. Supp. 3d 591, 600 (D. Md. 2016) (quoting *Talmo v. Comm'r, Soc. Sec.*, Civil Case No. ELH-14-2214, 2015 WL 2395108, at *3 (D. Md. May 19, 2015), *report and recommendation adopted* (D. Md. June 5, 2015)).

Here, the ALJ's hypothetical to the VE and corresponding RFC assessment found that Plaintiff was "limited to performing simple, routine, and repetitive tasks[;] limited to simple, work-related decisions; [and] limited to tolerating few changes in a routine work setting, defined as performing the same duties at the same station, day-to-day." R. at 23; *see* R. at 77. These limitations, however, do not account for Plaintiff's moderate limitation in concentrating, persisting, or maintaining pace. *See Varga v. Colvin*, 794 F.3d 809, 815 (7th Cir. 2015) ("'Few if any work place changes' with limited 'interaction with coworkers or supervisors' deals largely

9

with workplace adaptation, rather than concentration, pace, or persistence."); *Mascio*, 780 F.3d at 638; *Thomas v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-16-1229, 2017 WL 1193990, at *2 (D. Md. Mar. 29, 2017). Because "[t]here is no corresponding restriction for the finding of moderate difficulties in concentration, persistence, or pace, such that it addresses [Plaintiff's] ability to sustain work throughout an eight-hour workday," the Court is "unable to ascertain from the ALJ's decision the reason for the finding of moderate, as opposed to mild or no, limitation in the area of concentration, persistence, or pace." *Miles v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-16-1397, 2016 WL 6901985, at *2 (D. Md. Nov. 23, 2016). The ALJ here "failed to explain whether Plaintiff's moderate limitations in concentration, persistence, and pace affected [her] ability to perform work-related tasks consistently throughout an 8-hour workday." *Keith W. v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-18-2391, 2019 WL 3945481, at *3 (D. Md. Aug. 20, 2019). "[T]he ALJ provided no specific analysis regarding [her] reasons for finding that Plaintiff's moderate limitation in concentration, persistence, or pace is directly related to the complexity or the routine nature of the tasks [she] is asked to perform." *Antonio M. v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-18-3839, 2019 WL 4162668, at *3 (D. Md. Sept. 3, 2019).

> The Court cannot classify the error as harmless because the ALJ's written decision is insufficient to permit adequate review. Because the ALJ's RFC does not account for all of [Plaintiff's] limitations, the Court cannot find that the RFC provides an accurate description of the work that [she] is able to do on a regular and continuing basis. In light of the Fourth Circuit's clear guidance in *Mascio*, this case must be remanded so that the ALJ can explain how [Plaintiff's] limitations in the areas of concentration, persistence, and pace can be incorporated into the RFC assessment, or why no additional limitation is necessary to account for these difficulties.

*Lawson v. Berryhill*, Civil No. TJS-17-0486, 2018 WL 1135641, at *5 (D. Md. Mar. 1, 2018).

The ALJ's decision also fails to explain how, despite Plaintiff's moderate limitation in concentrating, persisting, or maintaining pace, she could be productive more than 80% of the

time in an eight-hour workday or not be absent from work two days per month (R. at 78-79). *See Lanigan v. Berryhill*, 865 F.3d 558, 563 (7th Cir. 2017) (remanding because, *inter alia*, ALJ did not build accurate and logical bridge between claimant's moderate difficulties in various functional areas and ALJ's finding that claimant would not be off task more than 10% of workday); *McLaughlin*, 200 F. Supp. 3d at 602 (remanding because ALJ's decision failed to explain how, despite claimant's moderate difficulties in maintaining concentration, persistence, or pace, she could remain productive for at least 85% of workday, in light of VE's testimony that individual "off task" more than 15% of workday because of need to take unscheduled breaks could not perform any work).

> Notably, it appears the ALJ disregarded testimony from the VE about a person with limitations in concentration, persistence, and pace. The ALJ asked two additional hypothetical questions to the VE about an individual who would either be off task 20% of the workday or would have two unscheduled absences per month—seemingly having in mind someone with "moderate difficulties with concentration, persistence, and pace." The VE responded that neither individual could sustain employment. But these responses are not reflected in the ALJ's decision. Because the ALJ did not include [Plaintiff's] difficulties with concentration, persistence, and pace in the hypothetical [she] *did* consider, the decision cannot stand.

*Winsted v. Berryhill*, 923 F.3d 472, 477 (7th Cir. 2019); *see Crump v. Saul*, 932 F.3d 567, 570 (7th Cir. 2019) ("The ALJ seemed to recognize [the claimant's] CPP challenges when, in formulating the second hypothetical for the VE, he incorporated the express functional limitation of a person able to perform simple and repetitive tasks also being off-task 20% of the time or otherwise requiring two unscheduled absences per month. The VE opined that a person so limited would lack the functional capacity to sustain *any* employment. But the ALJ failed to incorporate this opinion anywhere in the RFC, leaving the RFC altogether uninformed by considerations of off-task time or unplanned leave.").

11

In short, the ALJ "must *both* identify evidence that supports [her] conclusion *and* 'build an accurate and logical bridge from [that] evidence to [her] conclusion.'" *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (second alteration in original) (quoting *Monroe*, 826 F.3d at 189). An ALJ's failure to do so constitutes reversible error. *Lewis v. Berryhill*, 858 F.3d 858, 868 (4th Cir. 2017). Because the ALJ did not properly evaluate Plaintiff's limitations in concentrating, persisting, or maintaining pace, the Court need not address her remaining arguments. *See DeCamp v. Berryhill*, 916 F.3d 671, 676 (7th Cir. 2019) (per curiam). In any event, the ALJ also should address these other deficiencies identified by Plaintiff. *See Tanner v. Comm'r of Soc. Sec.*, 602 F. App'x 95, 98 n.* (4th Cir. 2015) (per curiam) ("The Social Security Administration's Hearings, Appeals, and Litigation Law Manual 'HALLEX' notes that the Appeals Council will vacate the entire prior decision of an administrative law judge upon a court remand, and that the ALJ must consider de novo all pertinent issues.").

## V

### Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 17) is **DENIED**. Plaintiff's Motion for Summary Judgment (ECF No. 14) is **DENIED**. Plaintiff's alternative motion for remand (ECF No. 14) is **GRANTED**. Defendant's final decision is **REVERSED** under the fourth sentence of 42 U.S.C. § 405(g). This matter is **REMANDED** for further proceedings consistent with this opinion. A separate order will issue.

Date: January 28, 2020                                                  /s/
                                                            Thomas M. DiGirolamo
                                                            United States Magistrate Judge